FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -3  AM 9: 35

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

DELPHI OIL, INC.                                                          CIVIL ACTION

VERSUS                                                                         NO: 04-2075-PB-SS

SMITH INTERNATIONAL, INC.

### REPORT AND RECOMMENDATION

The defendant, Smith International, Inc. ("Smith"), seeks an award of attorneys' fees incurred in the defense of the complaint of the plaintiff, Delphi Oil, Inc. ("Delphi"), for the alleged negligent performance of workover operations on Delphi's well and for the prosecution of its counterclaim for the collection of amounts owed for performing the work. Rec. doc. 37. The District Court referred the matter to the undersigned. Rec. doc. 34.

Delphi owned an oil and gas lease in Mississippi. In December 2003 it contracted with Smith to provide equipment and personnel to assist in the workover of the well. Delphi filed a complaint for damages on July 23, 2004. Rec. doc. 1. Delphi alleged that: (1) Smith negligently installed equipment in the well; (2) in January or February 2004 the equipment failed; (3) Smith charged Delphi for the replacement of the equipment; and (4) Smith's negligence so damaged the well that



it became necessary to drill a replacement well to restore production. Smith answered and asserted its counterclaim for the amount allegedly owed on the contract. Rec. doc. 3 at pp. 4-5. Smith sought partial summary judgment on all issues except attorneys' fees, contending that the contract between the parties provided that Texas law applied and limited its liability for negligence. Rec. docs. 6 and 12. Delphi responded that Mississippi law applied and that the limitation of liability provision was void as against public policy. Rec. doc. at pp. 20-21. The District Court granted the motion and stated:

> This is a contract between a Louisiana corporation and a Texas corporation. The contract contains a choice of law provision mandating the application of Texas law to disputes between the parties. . . . Here, the limitation of liability was printed on the back of the Defendant's work order. The work order was signed by an employee of Delphi Oil with authority to sign for the job. . . . It constituted a valid contract between the parties.

Rec. doc. 1 at pp. 1-2.

Smith seeks an award of attorneys' fees incurred in the defense of Delphi's complaint and for the prosecution of its counterclaim for amounts owed for the work. Rec. doc. 37. Delphi contends that Smith's fees should be limited to those incurred in the prosecution of the counterclaim. Rec. doc. 39. The parties stipulated that if Smith is correct, its reasonable fees are $36,203.96 at the trial level with additional sums owed for each stage of an appeal. Stipulation attached to Rec. doc. 37.

Smith contends that it is entitled to attorney's fees because: (1) under Texas law a prevailing party on a breach of contract claim is entitled to reasonable and necessary attorney's fees; and (2) the Delphi/Smith contract provided for the collection of attorney's fees. Smith acknowledges that

Texas law does not permit the recovery of fees for the defense of tort claims and the general rule requires it to segregate fees incurred on claims allowing recovery of fees from those that do not. It argues, however, that there is an exception when the fees are incurred in connection with claims that are inextricably intertwined. In Stuart Title Guar. Co. v. Sterling, 822 S.W.2d 1 (Tex. 1991), the Texas Supreme Court said:

> A recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts. Therefore, when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are intertwined to the point of being inseparable, the party suing for attorney's fees may recover the entire amount covering all claims.[1]

Id. at 11. This is sometimes referred to as the "inextricably intertwined" exception. Air Routing Intern. Corp. (Canada) v. Britannia Airways, Ltd., 150 S.W.3d 682, 684, n. 1 (Tex. App.-Houston 2004).

Several cases illustrate the application of the exception. In Estates of Gomez, 2005 WL 3115871 (Tex. App.-San Antonio), involved a will contest with claims concerning: (1) a warranty deed; (2) an investment account; and (3) two wills. On appeal one party argued that attorneys' fees should have been awarded only on the will contest claims and the fees associated on the remaining claims should have been segregated. The court found that the exception applied because the claims all arose out of the same facts concerning the incapacity of the testators in 2000 and 2001. Id. at *12.

In Mission Resources, Inc. v. Garza Energy Trust, 166 S.W.3d 301(Tex. App.-Corpus

---

[1] The Texas Supreme Court reviewed the record, determined that the attorneys' fees were capable of segregation, and remanded for a determination of the segregated amounts. Id. at 12.

Christi), royalty interest owners of a natural gas lease brought an action against a gas well operator for subsurface trespass and other causes of action. On appeal, one of the defendants argued that the attorneys' fees should have been segregated between recoverable and nonrecoverable claims. The court agreed in part, finding that the attorneys' fees incurred on the claim for breach of the implied covenant to market should have been segregated from the fees for the claims for trespass and breach of the implied covenant to protect against drainage. It did find segregation was not required for the latter two claims because they involved proof of the same facts (the defendant's drainage of gas from one area by its treatment of a well located in another area). Id. at 330.

In Aetna Casualty and Surety v. Wild, 944 S.W.2d 37 (Tex.App.-Amarillo 1997), the court held that "[e]ven if the claims arise out of the same events or transaction, if the prosecution or defense does not entail essentially the same facts, the exception does not apply." Id. at 41. It found that the evidence necessary to establish one or more claims at trial was not common, and therefore the exception was not applicable.

In Panzio v. YMCA, 938 S.W.2d 163 (Tex. App.-Houston 1996), the court required that the fees for fraud and contract claims be segregated even though there were some overlapping facts. Id. at 171.

Smith contends that Pegasus Energy Group, Inc. v. Cheyenne Petroleum Corporation, 3 S.W.3d 112 (Tex. App.-Corpus Christi 1999), demonstrates that the exception should apply to its claim for attorney's fees. Cheyenne and Pegasus were parties to a contract to drill a well. Cheyenne filed a suit that combined tort and contract claims. Pegasus counterclaimed with its own contract and tort claims. The district court accepted Cheyenne's interpretation of the contract and awarded

it contractual damages. Pegasus prevailed on a few of its contractual claims, which offset a portion of the damages owed by it to Cheyenne. The court rejected both parties' tort claims. The district court awarded attorney's fees to Cheyenne. The appellate court rejected Pegasus' contention that Cheyenne should have been required to segregate its attorney's fees because the facts necessary for it to recover on its contractual claims were not the same as those needed to defeat Pegasus' counterclaims. The court of appeal stated, "[a]ttorney's fees are available for defense of a claim or counterclaim when both the claim and counterclaim are contractual and arise from the same transaction or set of facts." Id. at 130. Here, Delphi and Smith did not have opposing contractual claims. The court of appeal also found that Cheyenne's contract and tort claims and Pegasus' tort claims were intertwined. For example Pegasus' claim that Cheyenne misrepresented its experience and ability to drill and operate wells was based on Cheyenne's contractual warranties and representations. The court of appeal concluded that Cheyenne had to resort to the contract and its terms to defend Pegasus' claims and this entailed the same facts as found in its contractual claim against Pegasus. Id. at 131-32.

Although Delphi's negligence claim and Smith's open account claim arose out of the same events and the claims possess some overlapping facts, the two claims do not entail essentially the same facts. It was not necessary to resolve facts associated with Delphi's negligence claim, for example the allegation that Smith negligently set cement retainers in the well, in order for Smith to prevail on the open account. Smith was only required to prove that the provision in the contract limiting its liability for negligence was binding and the amount owed on its contract. This is demonstrated by Smith's memorandum in support of its motion for partial summary judgment which

5

is only five pages in length. Rec. doc. 12. It cites job tickets, an affidavit from Parker, four pages from the deposition of Willie George and one page from the deposition of Robert Brooks. George was Delphi's agent who signed the job tickets, and Brooks was Delphi's president. The fees for Smith's defense of the negligence claim must be segregated from its open account claim.

Smith submitted the time records of its lead counsel, Gardere Wynne Sewell LLP, and its local counsel, Laborde and Neuner. Attachments to Rec. doc. 37. Delphi contends that the fees on the open account claim should be less than $5,000. It does not identify particular entries in the billing records submitted on behalf of Smith as relating to the open account claim. It contends that less than $5,000 is a reasonable fee for the pursuit of the claim.

The time entries from Smith's lead and local counsel are not susceptible of easy division into the contract and tort issues. Some of the time can be identified as primarily relating to the contractual claim, for example 6.50 hours on December 28, 2004 for the preparation of the motion for summary judgment. It was necessary for Smith to establish that the contract precluded Delphi's tort claims. Smith's reply memorandum in support was only concerned with the choice of law and limitation of liability issues. But for Delphi's tort claims, it would not have been necessary for Smith to address these issues. Delphi's contention that the Smith should be limited to a "reasonable fee" for the pursuit of an open account claim ignores the hurdles that Delphi raised to such a claim.

Delphi filed its complaint on July 23, 2004. Rec. doc. 1. On September 2, 2004, Smith answered and counterclaimed. Rec. doc. 3. On October 14, 2005, a scheduling order was entered and the trial was set for April 25, 2005. Rec. doc. 7. In February the parties' sought a continuance and the trial reset was August 15, 2005. Rec. docs. 10 and 13. Although the depositions of Brooks

and George were completed on December 15, 2004, Smith did not file its motion for partial summary judgment until May 10, 2005. Rec. doc. 12. The motion was granted three weeks later. Rec. doc. 21. If the motion had been filed in January, it is likely that Smith could have been spared some the expenses incurred by its attorneys in connection with the trial.

The parties stipulated that $36,203.96 was reasonably incurred by Smith as fees and costs in the defense of Delphi's complaint and Smith's prosecution of the counterclaim before the District Court. Stipulation attached to Rec. doc. 37. Based on all of the evidence, forty percent or $14,500.00 of the total fees should be allocated to Smith's prosecution of the counterclaim before the District Court.

IT IS RECOMMENDED that Smith's application for attorney's fees and costs (Rec. doc. 37) be granted in part and denied in part and that Smith be awarded attorney's fees and costs of $14,500.00.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 30th day of December, 2005.

**SALLY SHUSHAN**
**United States Magistrate Judge**